In the Matter of OXFORD DISTRIBUTING Co., INC., Respondent, against FAMOUS ROBERT'S INC., Judgment Debtor. HAROLD B. A'HEARN, as District Director of Internal Revenue for the Upper Manhattan District, Appellant.

Third Department, April 28, 1958.

*Theodore F. Bowes, United States Attorney for the North-
ern District of New York (Kenneth P. Ray, H. Brian Holland,
Charles K. Rice, Andrew D. Sharpe* and *Edward W. Rothe* of
counsel), for appellant.

*Harvey M. Lifset* for respondent.

BERGAN, J.  The problem presented by this case is whether
the lien created by a judgment creditor's proceeding supple-
mentary to execution or the lien of the United States for unpaid
taxes attaches first to a refund from the State Comptroller on
a surrendered liquor license.  The court at Special Term has
held that the judgment creditor gets priority; we think priority
goes to the Government.

A blanket lien is created by a Federal statute, cast in the
broadest terms, in favor of the United States for unpaid taxes.
Such a lien exists upon " all property " and " rights to
property " of the taxpayer.  (Internal Revenue Code, § 3670;
U. S. Code, tit. 26, § 3670.)

It is, of course, possible by the act of public authority to
create liens which will exist without physical attachment to the
property affected and without filing notices in the available
public offices where they may be searched out by interested
parties; but they could not wipe out the property rights in
existing liens or other third-party rights acquired in good faith;
and probably could not, with regard to due process, take priority
over the subsequently created liens of judgment creditors and
other lienees acting in good faith without notice.

Congress has given due recognition to possible injustices that
might result if the blanket lien created by section 3670 of the
Internal Revenue Code were insisted on without any notice filed
in a public recording office, by the enactment of section 3672
of the same statute, which provides that the lien created by
section 3670 " shall not be valid " as against mortgagees,
pledgees, purchasers, or judgment creditors " until notice

thereof has been filed'' in the public office authorized for the filing of liens against '' the property subject to the lien'' under State law.

When these two sections are read together it will be seen that when Federal taxes are unpaid and a notice of lien is filed in the proper local office for filing liens, the tax lien takes priority in its attachment to the property of the taxpayer. The lien has, as we have noticed, already attached under the blanket statute; section 3672 provides for the order of its priority in relation to other claimants to the taxpayer's property. If there are no creditors or other claimants, the lien remains good; if there are any, it is not valid '' as against'' them until notice has been filed.

Here the judgment debtor Famous Robert's, Inc., whose identical interest with Robert Caterer's, Inc., is conceded and is treated by us as the judgment debtor or taxpayer, owed the United States $13,917.15 in taxes. The Government establishes by affidavit that the taxpayer '' is a New York corporation with a residence and place of business in the County of New York and only in such County''. On June 5, 1953 the District Collector of Internal Revenue filed a notice of such tax lien in the office of the Register of the City of New York, County of New York. It is not disputed that this is the proper office for the filing of such notice against such a resident.

On July 14, 1953 a judgment was entered against the taxpayer judgment debtor by Oxford Distributing Co., Inc. The judgment debtor surrendered a liquor license to the State of New York for cancellation on September 29, and thereupon became entitled to a refund from the State of New York. A third-party subpoena was served on the State Comptroller on October 13 by the judgment creditor in connection with the judgment entered July 14.

It is not argued by the judgment creditor that the lien of the Government for taxes filed in June would not have priority to the lien of the judgment entered in July; but it is contended that the fund arising from the surrender of the liquor license did not come into existence as property of the judgment debtor until its surrender on September 29; by that time both the tax lien and the judgment had been filed; and that priority went to the party first in effect reaching the property by third-party subpoena.

It is true that the liquor license itself is not '' property'' in a legal or constitutional sense (*Matter of Yates* v. *Mulrooney*, 245 App. Div. 146); but upon surrender of the license the owner has rights to a refund which are well recognized and governed

by New York law, and which in general may be described by saying that a refund will follow after the payment of off-setting claims by the State. The time of legal maturity of this right was examined in *Matter of Strand* v. *Piser* (291 N. Y. 236) and it was there held to be fixed by the surrender of the license.

All this implies the existence of " rights to property " in the liquor license refund at the time of the filing of the tax lien. The right to get the refund was not then mature and was not then enforcible; but it was a " right " to a potential complete title sufficient, in our view, to be regarded as a right in property. It existed in some inchoate form, certainly, while the license was outstanding.

The discussion in *Matter of Strand* v. *Piser* (*supra*), as to the existence of attachable property accruing from the surrender of a license during the 30-day waiting period imposed by section 127 of the Alcoholic Beverage Control Law suggests some parallel with the existence of a " right " in property before the surrender.

Aside from the nature of this right, the decision in *Glass City Bank* v. *United States* (326 U. S. 265) makes it clear that the lien created by section 3670 of title 26 of the United States Code attaches in some circumstances to after acquired property. There it was held to attach to amounts due for services rendered a considerable time (five years) after the tax lien arose, and the court was of opinion that the language of the statute was broad enough, and when read in connection with section 3671, continuous enough, to embrace such property.

The case before us seems to give firmer foundation to the validity of the tax lien. Since the lien had attached by the failure to pay the tax, and since priority existed by virtue of the filing, before the judgment was entered, the United States had then acquired priority to the fund ultimately taking shape in the hands of the Comptroller.

Some time later, on December 1, 1953, the District Director served a notice of levy by means of warrants of distraint, on the Comptroller, under section 3692 of title 26 of the United States Code which authorizes a levy against the taxpayer's property. This did nothing to perfect the lien; but it did not adversely affect one already acquired and hence we are of opinion it had no significance.

The order should be reversed on the law and the facts, and payment of the balance credited to the liquor refund directed to be paid by the Comptroller to the United States, with $10 costs and disbursements.

FOSTER, P. J., COON, GIBSON and HERLIHY, JJ., concur.

Order reversed, on the law and the facts, and payment of the balance credited to the liquor refund directed to be paid by the Comptroller to the United States, with $10 costs and disbursements.