[Civ. No. 25967. Second Dist., Div. Four. Apr. 4, 1962.]

PACIFIC FIRESTONE ESCROW COMPANY, Plaintiff, v. FOOD GIANT MARKETS, INCORPORATED, et al., Defendants and Respondents; CARLTON W. MOORE, Defendant and Appellant.

Bear, Ruby & Greber, H. W. Funke and Forest Greber for Defendant and Appellant.

Sisenwein & Stanton and Max Sisenwein for Defendants and Respondents.

BALTHIS, J.—This is an appeal from a judgment in an interpleader action. Action was brought by the Pacific Firestone Escrow Co. (hereinafter referred to as the "escrow company") against numerous creditors of Lido Liquors, Inc., who had filed claims with the escrow company at different times concerning escrowed funds. These funds were the proceeds from the sale of a liquor license from Lido Liquors to defendant Food Giant Markets, Inc., and were placed in escrow pursuant to escrow instructions and the provisions of section 24074 of the Business and Professions Code. The escrow company felt that it could not safely determine the rights and priorities of the numerous creditors who had filed claims and it brought this interpleader action to obtain a judicial determination of the matter. A number of the defendants who were regularly served with process failed to appear and answer the complaint and their defaults were entered.

The trial court found that certain defendants had filed claims with the escrow company prior to August 30, 1959, and that three defendants, including the sole appellant, Carlton W. Moore, filed claims with the escrow company subsequent to August 30, 1959. The trial court determined that defendants, who filed their claims with the escrow company prior to August 30, 1959, were entitled to priority of payment as against defendants, including appellant, who filed claims subsequent to August 30, 1959.

The court used the date of August 30, 1959, to determine priorities among the creditors by virtue of the provisions of section 24074 of the Business and Professions Code which reads as follows:

"Before the filing of such a transfer application with the department, if the intended transfer of the business or license involves a purchase price or consideration, the licensee and the intended transferee shall establish an escrow with some person, corporation, or association not a party to the transfer acting as escrow holder, and the intended transferee shall deposit with the escrow holder the full amount of the purchase price or consideration. The licensee and intended transferee shall also enter into an agreement, which agreement shall be deposited with the escrow holder, directing the escrow holder,

out of the purchase price or consideration, to pay the claims of the bona fide creditors of the licensee who file their claims with the escrow holder before the escrow holder is notified by the department of its approval of the transfer of the license or if the purchase price or consideration is not sufficient to pay the claims in full, to distribute the consideration pro rata to the creditors of the licensee. The agreement shall also provide that the escrow holder shall make the payment or distribution within a reasonable time after the completion of the transfer of the license.''

In the instant case, the escrow was established on July 30, 1959, and the escrow company was notified on August 30, 1959, by the Department of Alcoholic Beverage Control that the transfer from Lido Liquor, Inc. to Food Giant Markets, Incorporated, was approved. Appellant Moore did not submit his claim for $27,395 until approximately December 15, 1959. As a result of his late claim and the trial court's determination that the creditors who had followed the terms of the statute and had filed their claims ''before the escrow holder is notified by the department of its approval of the transfer of the license,'' appellant received only $1,164.29 to apply on account of his submitted claim.

Appellant contends that the provisions of section 24074 are inapplicable to the instant case in that the escrow company did not in fact ''make the payment or distribution within a reasonable time after the completion of the transfer of the license,'' but instead brought this action of interpleader to determine the rights and priorities of the claimants. Appellant concedes, as he must, that had the escrow company paid out the funds in due course to those who had filed prior to the cut-off date of August 30, 1959, the escrow company would have complied with the statute in every respect.

Appellant has cited no cases in support of his argument that the trial court should not have found priority in the creditors who complied with the statute and filed their claims prior to August 30, 1959.

The Legislature has seen fit, in enacting a comprehensive scheme of alcoholic beverage control for this state, to require the parties to a sale of a liquor license to establish an escrow for the orderly transfer of such license; the Legislature has further provided for a cut-off date beyond which creditors of the licensee may not obtain collection from the specific fund so created. It is clear that the statute in no way de-

prives any creditor of his claim against the debtor and that appellant still has his cause of action for the unpaid balance of his claim against his debtor. The scheme of the statute is that if a creditor wishes to establish any rights to the specific fund (the consideration paid for the license) he must act promptly and within the time provided for in the statute.

It is well established that the state has complete control over matters dealing with the sale and licensing of alcoholic products. (*Schaub's Inc.* v. *Department of Alcoholic Beverage Control,* 153 Cal.App.2d 858 [315 P.2d 459].) The same control would naturally and reasonably extend to the transfer of liquor licenses, for without control over transfers the power over original applications would be meaningless.

Liquor licenses are "property" and usually have substantial value (*Golden* v. *State,* 133 Cal.App.2d 640, 643-644 [285 P.2d 49]). The state in the exercise of its police power properly may regulate the manner in which creditors of the licensee may seek some protection in the collection of their debts from the proceeds of the sale of a license.

The fact that the escrow holder impleaded all creditors does not take the instant case from under the clear provisions of section 24074. The escrow agreement between the licensee and the intended transferee, pursuant to the provisions of the section, contained an express provision relating to an interpleader. The written instructions to the escrow holder read:

"If conflicting demands are made or notice is served on you or any other legal service, you shall have the absolute right either to withhold and stop all further proceedings, or to file suit in interpleader and obtain an order from the Court requiring the parties to interplead and liquidate their several claims and rights amongst themselves."

In the light of the clear legislative expression dealing with creditors' rights on the sale and transfer of a liquor license and also because there was no prejudice to appellant's rights in the bringing of the interpleader action, we find no error in the trial court's determination of this matter.

Judgment affirmed.

Burke, P. J., and Jefferson, J., concurred.