In Re: B. J. R. Mace, Inc.
Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board *v.* Aqua Bar & Lounge, Inc., Appellant.

In Re: Aqua Bar & Lounge, Inc.
Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board *v.* Aqua Bar & Lounge, Inc., Appellant.

Argued April 7, 1977, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Abe Lapowsky,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, May 20, 1977:

The Court of Common Pleas of Philadelphia County quashed Aqua Bar & Lounge, Inc.'s appeal from the action of the Pennsylvania Liquor Control Board (Board) approving the transfer of a liquor license on the ground that Aqua had no standing. We reverse the order below.

Aqua was once the holder of a restaurant liquor license which had been lodged with the Liquor Control Board for safekeeping. On January 16, 1975 the Internal Revenue Service (IRS) issued a Notice of Seizure of the appellant's property rights in the liquor license pursuant to provisions of the Internal Revenue Code, 26 U.S.C. §6331.[1] On March 6, 1975 the IRS issued a Notice of Sealed Bid Sale of Aqua's

---

[1] This section, dealing with levy and distraint, provides that:

(a) *Authority of Secretary or delegate.* —If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax . . . .

(b) *Seizure and sale of property.* —The term 'levy' as used in this title includes the power of distraint and seizure by any means. A levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary or his delegate may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible). (Emphasis in original.)

right in the license. The bids submitted were opened on March 20, 1975, at which time the IRS sold the license to one Joseph B. Saltz. Saltz subsequently assigned all of his right, title and interest in the liquor license to B. J. R. Mace, Inc. which, in turn, filed an application with the Board for the transfer of this license to premises at 1714 Cherry Street, Philadelphia, Pennsylvania. Mace's application was executed for Aqua by an Acting District Director of the IRS.

On August 7, 1975 Aqua requested the Board to conduct a hearing in which it might challenge the Mace application. The Board refused the request. On December 8, 1975 the Board approved the transfer of the license to Mace, and on December 19 Aqua appealed this action to the Court of Common Pleas of Philadelphia County with the result hereinbefore mentioned.

Section 464 of the Liquor Code,[2] 47 P.S. §4-464, describes the persons who may appeal the Board's action with respect to applications for licenses or the renewal or transfer thereof as:

Any applicant . . . who is aggrieved . . . or any church, hospital, charitable institution, school or public playground located within three hundred feet of the premises applied for, aggrieved by the action of the board in granting the issuance of any such license or the transfer of any such license, may take an appeal limited to the question of such grievance. . . .

Because Aqua was not an applicant or any of the institutions named in Section 464, the court below concluded that it had no right to appeal the Board's action transferring its licenses. Clearly, Aqua had a direct interest in the matter adjudicated by the Board —the approval of transfer to another of Aqua's li-

---

[2] Act of April 12, 1951, P.L. 90, as amended, 47 P.S. §1-101 et seq.

cense surrendered to the Board for safekeeping. Not only *should* it have the right to appeal in the circumstance, the right is provided by Article V, Section 9 of the Pennsylvania Constitution adopted April 23, 1968. Further, there is precedent for the allowance of an appeal by persons not specifically named in section 464. In *Gismondi Liquor License Case,* 199 Pa. Superior Ct. 619, 186 A.2d 448 (1962), the Superior Court held that inhabitants of the neighborhood of a place proposed to be licensed may appeal the action of the Board granting a license although no such right was explicitly conferred on such persons by Section 464 because Section 404, 47 P.S. §4-404, directs the Board to refuse applications for new locations if it believes the new license or transfer would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of 500 feet of the place proposed to be licensed. Pursuant to its broad rulemaking power,[3] the Board has provided for the return of licenses to the Board where, in the words of the rule they "will be held for the benefit of the licensee[s] and be available for [their] use when operations are resumed at the licensed premises, or for transfer." Having established a procedure for holding a license "for the benefit of the licensee," the Board, it seems to us, may not transfer the license to another over the objections of the owner without affording a hearing. It is equally clear that the licensee should have the right to appeal from an adverse decision of the Board.

We feel compelled to note the difficulty we have in understanding Aqua's attack on the levy and sale made at the instance of IRS. First, the Internal Reve-

---

[3] By Section 2-207(i), 47 P.S. §2-207(i), which, in addition to giving the Board the power to make rules and regulations, provides that they "shall have the same force as if they formed a part of this act."

nue Code, 26 U.S.C. §7421(a), provides, with exceptions not here relevant, that:

No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Second, it would appear that Aqua, instead of attacking the assessment of a tax deficiency directly by the means provided by the Internal Revenue Code, is contesting it by a collateral attack on the transfer of the license following execution. "The validity of an execution, like that of a judgment, cannot be inquired into collaterally even though the execution is so irregular that it could be set aside on motion of the debtor." P.L.E. Execution Vol. 15, §49. Nevertheless, it seems clear to us that Aqua has the right to be heard and we will remand for a hearing in the court below.

Aqua also filed a direct appeal from the action of the Liquor Control Board approving the transfer of the license to Mace. It did so as a precaution against the possibility of a holding that Section 403 of the Appellate Court Jurisdiction Act of 1970[4] might be construed as conferring jurisdiction of an appeal from the Board in this Court rather than in the Court of Common Pleas. Section 403(1)(ii) of the ACJA, 17 P.S. §211.403(1)(ii) excepts from our jurisdiction of appeals from State agencies "matters authorized by the Liquor Code to be appealed to the courts of common pleas." Section 464 of the Liquor Code, 47 P.S. §4-464, requires appeals from Liquor Board transfer actions to be taken to the common pleas court of the county where the premises is located. We therefore have no jurisdiction of direct appeals from the Board

---

[4] Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.403.

and we may entertain appeals only from final orders of courts of common pleas pursuant to Section 402(3) of the ACJA, 17 P.S. §211.402(3). We will therefore quash the appeal from the Board's action.

Accordingly, we enter the following

ORDER

AND Now, this 20th day of May, 1977, it is ordered and decreed that the order of the Court of Common Pleas of Philadelphia County here appealed to our Docket No. 941 C.D. 1976 be and the same hereby is reversed and the record is remanded to the Court of Common Pleas of Philadelphia County for hearing of Aqua's appeal from the Board's action approving the transfer of Aqua's license to B. J. R. Mace, Inc.; and that the appeal from the action of the Liquor Control Board to our Docket No. 1922 C.D. 1975 be and the same hereby is quashed.

