Redevelopment Authority of the City of Philadel-
phia, Appellant *v.* Royal Janet Corporation,
Appellee.

Submitted on briefs, April 5, 1979, to Judges MEN-
CER, ROGERS and CRAIG, sitting as a panel of three.

Peter A. Galante, with him Edward J. Morris, for
appellant.

Ralph Schwartz, for appellee.

OPINION BY JUDGE ROGERS, May 10, 1979:

This is an eminent domain case. The appellee, Royal Janet Corporation, owned a liquor license by virtue of which it operated a taproom business in rented premises in Philadelphia. The appellant, Redevelopment Authority of the City of Philadelphia, condemned the building in which the appellee conducted its business. After the condemnation the appellee sold the liquor license for transfer to another location for $2400. A jury of view's award was appealed and the matter came on for trial before a judge and a jury. During the trial, the parties agreed that the issue of the valuation of the liquor license—whether as a mere license in the open market or as used by the appellee in its business in the building condemned by the Authority—should be decided by the trial judge and that the valuation of equipment should be left to the jury.

Neither the jury's verdict for the appellee with respect to equipment nor the award of business dislocation damages pursuant to former (since repealed) Section 609 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, is in question.

Concerning the liquor license, the trial judge found that its value without reference to a going business was $2400 but that its value in use by the appellee at the condemned premises was $40,000. He concluded that the appellee was entitled to compensation for the injury to the license in the amount of $40,000 less the sum of $2400 for which the appellee sold it. The issue was clearly correctly decided. In *Redevelopment Authority of City of Philadelphia v. Lieberman,* 461 Pa. 208, 336 A.2d 249 (1975), in circumstances in all material respects identical to those here, the Supreme Court held that the liquor license held by a tenant is a property interest and that the loss of value in the

liquor license resulting from the condemnation of the leased business premises is compensable. That case plainly controls this one.

The Redevelopment Authority makes several other arguments, only one of which, in view of the incontestable authority of *Lieberman, supra,* merits mention. It says that the sale by the appellee of the liquor license for $2400 established that figure as its fair market value. We disagree. The sale of the license was made long after its value was diminished by the taking of the business property. Expert testimony in the record supports the trial judge's finding that the value of license in use by the appellee at the time of condemnation was $40,000.

The appellant also says that the court below did not specify whether compensation for delay should be awarded with respect to the award for the injuries to the liquor license and asks this court not to award such compensation. Since the issue of compensation for delay was not decided below and nothing in the record even suggests an issue in this regard, there is obviously nothing for us to review in this respect.

Finally, without moving to quash this appeal, the appellee says that the appeal should be "barred" because the appellant failed to file exceptions to the trial judge's decision as required by Pa. R.C.P. No. 1038(d). As we have noted, the trial judge made findings and conclusions and rendered a verdict on one of several issues as the result of an agreement made in the course of a jury trial and another issue was left to the jury. In these special circumstances we have decided not to quash the appeal *sua sponte.*

Judgment affirmed.

ORDER

AND Now, this 10th day of May, 1979, the judgment appealed from is affirmed.