474 A.2d 280

**1412 SPRUCE, INC., Appellee,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA LIQUOR CONTROL BOARD, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 23, 1984.

Decided April 18, 1984.

A. Jay Molluso, Deputy Atty. Gen., Harrisburg, for appellant.

Norman A. Oshtry, Philadelphia, for 1412 Spruce, Inc.

J. Leonard Langan, Harrisburg, for Pa. L.C.B.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This case involves the issue of whether a liquor license is personal property subject to the execution process. The question arose when appellee, 1412 Spruce, Inc., closed its business and, pursuant to standard Pennsylvania Liquor Control Board (hereinafter PLCB) procedures applicable in these circumstances, forwarded its restaurant liquor license to the PLCB for safekeeping. A holder of an outstanding money judgment against appellee filed a writ of execution directing the Sheriff of Dauphin county to attach and publicly sell appellee's liquor license. The Board was served a copy of this writ as garnishee, and it turned over the license to the Sheriff, who conducted a public sale on or about July 31, 1981, at which the license was sold for $95.14.

Appellee, 1412 Spruce, Inc., then sought a preliminary injunction in Commonwealth Court to enjoin PLCB from transferring or issuing its restaurant liquor license to a successful bidder at a public sale. Commonwealth Court issued a preliminary injunction, and subsequently a summary judgment in favor of appellee, reasoning that the appellee's liquor license "continues as a personal privilege and does not constitute a property right subject to the execution process." 70 Pa.Comwlth Ct. 501, 505, 453 A.2d 382, 384 (1982). The Liquor Control Board appealed from this order granting summary judgment.

Appellant's primary argument is that although a restaurant liquor license is a privilege as between the licensee and the Liquor Control Board, it is property as between the licensee and third parties, and is, therefore, subject to the execution process. Pa.R.C.P. 3107, which deals with the levy and attachment of real or personal property, and which governs the attachment in this case, provides:

Real or personal *property* of the defendant may be levied upon or attached in any order or simultaneously, as the plaintiff may direct.

(Emphasis supplied). Since the *license* in this case was attached pursuant to Rule 3107, in order for the attachment to be permissible, we must hold that the license is "property." However, as Commonwealth Court pointed out, section 468(b.1) of the Liquor Code, referring to instances in which a liquor license is placed in safekeeping with the PLCB, states in pertinent part that " '[t]he license shall continue *as a personal privilege* granted by the board and *nothing herein shall constitute the license as property.*' " 70 Pa.Commwlth.Ct. at 503, 453 A.2d at 383. (Emphasis in original).* Thus, if we were to view the license as a privilege between the licensee and the board, but as property between the licensee and the rest of the world, we would be doing so in the teeth of the statute, which plainly states that the license shall not be construed as property. Nevertheless, appellant asserts, ostensibly on the authority of Pennsylvania case law, that the license must be so viewed.

One of the cases cited by appellant, *Kosco v. Hachmeister*, 396 Pa. 288, 152 A.2d 673 (1959), concerns a liquor business which was destroyed when a landslide ruined the building, an inn, in which the business was conducted. At issue in that case was the measure of tort damages against the person who caused the landslide. The lower court set damages at the value of the building and the land at the time of the destruction, the cost of demolition of the building, lost profits, and the cost of license fees for two years until the end of the innkeeper's lease. This Court disallowed the value of the land (under applicable case law) and license fees (because they were merely a cost of doing business against which profits were calculated) but allowed the value of the building, demolition costs, and lost profits as measures of damages. In response to the argument that a liquor license is not a property right, the Court stated:

> *This may be admitted,* but if a man has a privilege and is prevented from exercising it by another's fault, he loses value during the running period of the privilege.

* The Liquor Code is Act of April 12, 1951, P.L. 90, *as amended,* added by Act of November 26, 1978, P.L. 1389, No. 326 § 2, *as amended,* 47 P.S. § 4–468(b.1) (Supp.1983–84).

396 Pa. at 293, 152 A.2d at 676. (Emphasis supplied). As this quotation indicates, the *Kosco* Court acknowledged that a liquor license was not property, although it was necessary to conduct a retail liquor business. Thus, the Court allowed damages for the lost profits of the business which would have been made possible had the business continued to operate with Kosco holding a liquor license; damages were not awarded for loss of the license itself.

In *Feitz Estate*, 402 Pa. 437, 167 A.2d 504 (1961), this Court held that where a licensee has a statutory right to designate the person who may apply for the transfer of his license after his death, "and, in the absence of such designation, the surviving spouse or personal representative may do so.... *the right to apply* for a transfer of the license is a property right" subject to Pennsylvania inheritance tax. 402 Pa. at 445, 167 A.2d at 508. (Emphasis added). This holding, by its terms, states that the *right to apply* for transfer is a property right, not that the license itself is an item of property.

Finally, in *Redevelopment Authority of Philadelphia v. Lieberman*, 461 Pa. 208, 336 A.2d 249 (1975), in the context of a condemnation proceeding, this Court stated:

> The fact that a liquor license is sometimes referred to as a "privilege" rather than a "right" is irrelevant to the issue before us.... Rigid labels, such as "right" or "privilege," *cannot determine a person's constitutional and statutory right to "just compensation."*

(Emphasis supplied). 461 Pa. at 225, 336 A.2d at 258. This Court also observed in *Lieberman:*

> The issuance of a liquor license in Pennsylvania constitutes governmental "permission" to use *particular premises* for a particular purpose.... Unless we bog down in technical and unrealistic concepts, it cannot be disputed that a liquor license adds significant use value to a particular premises....
>
> The use value added to a particular premises by a liquor license is not unlike the use value which a premises enjoys because it may be used for a particular purpose

under a zoning enactment. A significant and helpful analogy may also be noted in situations involving the enhanced use value of property which results from a franchise that permits a particular use of the physical property.

461 Pa. at 222, 336 A.2d at 257.

The real question in the *Lieberman* case, as is indicated in the reference to a constitutional and statutory right to just compensation, and as was also true in the other two cases, is *"what is the value of the business* of retail liquor sales given the fact that the business has a license to sell liquor (or in *Feitz Estate*, in light of the fact that the personal representative of the licensee has the power to request transfer of the license)"? If the retail liquor establishment had no liquor license, it would be worth one figure; if it had a license, it would be worth more. But in any case, it is not the license which itself is an item of value, but rather the license *as it is applied to the business* which produces a value. This value is a projected income, a livelihood for the license holder, and if the business is condemned (*Lieberman*) or physically destroyed (*Kosco*) or continued by virtue of the exercise of the power to request transfer of a decedent's license (*Feitz Estate*), it is fundamental that the opportunity for business income, if taken away, must be compensated for, and if preserved, may be taxed. But it is this opportunity for business income that is the subject of our inquiry, not the *per se* existence of a liquor license.

■ Thus, appellant's reliance on these cases is misplaced, for none supports the proposition that a liquor license is property. Indeed, one of the cases cited by appellant, *Pichler v. Snavely*, 366 Pa. 568, 569, 79 A.2d 227, 228 (1951), contains very particular relevant language antithetical to appellant's position:

The law is well settled that a liquor license is not a property right, but only a purely personal privilege for a specific limited time, which is subject to termination by the Liquor Control Board for cause ....

The general scheme of the Liquor Code is that a limited number of licenses to sell liquor are to be made available to persons of good standing whose business premises meet certain statutory requirements, and are located in areas permitting the sale of alcohol. It was never contemplated, however, that the sale of licenses would itself become a business activity, or that licenses would be sold at the discretion of the possessor. Instead, license holders are granted a privilege which has certain limited benefits; viz., although licensees may not be said to "own" their licenses, a license may not be revoked arbitrarily, *see Lieberman*, *supra* 461 Pa. at 222, 336 A.2d at 257, and the licensee may consent to a request for the transfer of his license to another, usually for consideration, and often in connection with the sale of his liquor business.

■ In this case, the judgment creditor attached and sold *only the license*, a thing he may not do, for the *license itself* is not, as section 4–468(b.1) plainly tells us, "property," and thus, is not subject to attachment under the rules of civil procedure. Had he attached and executed upon the tangible or intangible assets of the business, e.g., the good will of the business, such an attachment and execution would have been permissible, for the tangible and intangible assets of the business are "property," and are subject to attachment. However, he did not proceed in this fashion, and thus the order of Commonwealth Court must be affirmed.

Affirmed.

LARSEN, J., files a dissenting opinion which HUTCHINSON and ZAPPALA, JJ., join.

LARSEN, Justice, dissenting.

The sole issue presented by this appeal is whether a restaurant liquor license issued by the Pennsylvania Liquor Control Board is personal property subject to levy, execution or attachment under Pennsylvania laws regarding the enforcement of money judgments. I would answer in the affirmative.

The appellee, 1412 Spruce, Inc., is a Pennsylvania corporation with its principal place of business formerly located at 1412 Spruce Street, Philadelphia. At all times relevant to this appeal, appellee was the holder of a restaurant liquor license (No. R–11378) issued by the Pennsylvania Liquor Control Board (hereinafter the PLCB), the appellant herein. Upon cessation of its business operation at 1412 Spruce Street, appellee, in accordance with standard PLCB procedures, forwarded its restaurant liquor license to the PLCB on October 9, 1980 for safekeeping.

Subsequently, a judgment was entered against appellee and the judgment holder filed a writ of execution directing the Sheriff of Dauphin County to attach appellee's liquor license held by the PLCB, which had been designated as garnishee. In July or August of 1981, the sheriff attached the license and conducted a public sale at which the highest bidder purchased the license for $95.14. The PLCB then initiated the process of transferring the license to the successful bidder.

Appellee commenced an action in the Commonwealth Court requesting that court to enter a preliminary injunction enjoining the PLCB from transferring its liquor license. After a hearing, the Commonwealth Court granted the preliminary injunction and, on December 22, 1982, granted appellee's motion for summary judgment on the pleadings. Reasoning that a liquor license issued by the PLCB does not constitute "personal property" within the meaning of the Pennsylvania Rules of Civil Procedure, the Commonwealth Court declared the execution "proceedings relating to the sale of said license ... to be null and void ab initio." 453 A.2d at 384. The PLCB then filed this direct appeal addressed to this Court's exclusive jurisdiction of appeals from cases originally commenced in the Commonwealth Court. 42 Pa.C.S.A. § 723(a). I would now reverse.

Rule 3107, Pa.R.Civ.Pro.R. 3107, provides:

Real or *personal property* of the defendant *may be levied upon or attached* in any order or simultaneously, as the plaintiff may direct.

This Court has not previously addressed the issue of whether a liquor license issued by the PLCB is "personal property" subject to levy or attachment. However, prior decisions of this Court have made it clear that "property" is a flexible and dynamic concept encompassing not only physical objects but also, more broadly, the aggregate of legal rights, privileges and interests pertaining to an object or thing. *Redevelopment Authority of Philadelphia v. Lieberman,* 461 Pa. 208, 215, 336 A.2d 249, 252 (1975); *Feitz Estate,* 402 Pa. 437, 167 A.2d 504 (1961). The general rule is that *all* personal property is subject to seizure and sale unless specifically exempted (ordinarily by statute), *Gulf Mortgage and Realty Investments v. Alten,* 282 Pa.Super. 230, 422 A.2d 1090, 1094 (1980), *allocatur denied,* and seizable property includes *"any property, real or personal, tangible or intangible, which may be sold and transferred by the owners* thereof at voluntary sale." *Brennan v. Pittston Brewing Corp.,* 344 Pa. 495, 26 A.2d 334 (1942) quoting from 31 Am.Jur., Judicial Sales, § 3. It is common knowledge that retail liquor establishments are routinely sold and purchased in Pennsylvania and the liquor licenses of the establishments routinely transferred to purchasers, with, of course, the approval of the PLCB.

In *Redevelopment Authority of Philadelphia v. Lieberman, supra,* this Court held that, for purposes of state and federal constitutional provisions mandating that "property" shall not be taken for public use without just compensation, "property" includes a retail liquor license issued by the PLCB. Although *Lieberman* arose in the context of eminent domain condemnation proceedings, the principles enunciated therein are equally applicable to civil proceedings for the enforcement of money judgments. In *Lieberman,* we stated:

> We have rejected the technical and archaic property concepts of "fixture" and "attachment to realty" in favor of *realistic use values....*

> The issuance of a liquor license in Pennsylvania constitutes governmental "permission" to use *particular*

*premises* for a particular purpose. (citation omitted). Unless we bog down in technical and unrealistic concepts, it cannot be disputed that *a liquor license adds significant use value to a particular premises.* Once granted, the license may not be arbitrarily revoked. Indeed, a licensee who is "aggrieved by the refusal of the [Board] ... to renew or transfer any such license may appeal" to the courts for judicial review. (47 P.S. § 4–464) (emphasis added).

Similarly, in *Kosco v. Hachmeister,* 396 Pa. 288, 152 A.2d 673 (1959), this Court held that a liquor license has value for which the licensee must be compensated when that value is destroyed or diminished by a tortfeasor. And in *Feitz Estate,* 402 Pa. 437, 167 A.2d 504 (1961), we reaffirmed the principle that a liquor license is a property right having intrinsic value. In *Feitz Estate,* we held that, although by operation of the Liquor Code, a liquor license *itself* did not pass to the estate of the licensee, nevertheless, the *use value* of the license was an asset of the decedent's estate subject to taxation for inheritance tax purposes. We stated:

As between the Commonwealth and the licensee of a restaurant liquor license, the license is simply a personal privilege subject to termination for cause or upon the death of the licensee; by its very nature, the license itself does not become an asset of the estate of the deceased licensee. However, since, by legislative fiat, upon the death of the licensee, the board is invested with the authority to transfer the license to the licensee's surviving spouse or personal representative or to a person designated by the licensee, *the right to apply for such transfer is a right which possesses value.* ... The statute insures that the holder of the license, by action or inaction, may pass on *the right to apply for a transfer of the license. It is this right—a valuable right—which the decedent has as distinguished from the license itself.* Such a construction is not novel. Such right is a

valuable asset of the decedent's estate; *to hold other-wise, is to ignore the practicalities of the situation and to substitute abstract theories for the realities of the market place.*

*Id.* at 402 Pa. 444–45, 167 A.2d 504 (emphasis added). *See also Redevelopment Authority of Philadelphia v. Royal Janet Corp.,* 42 Pa.Cmwlth. 546, 401 A.2d 17 (1979) (relying on *Lieberman* to hold loss of value of liquor license is compensable property loss in eminent domain proceedings) *and Redevelopment Authority of Philadelphia v. Driscoll,* 45 Pa.Cmwlth. 202, 405 A.2d 975 (1979) (same).

It is noteworthy that the Internal Revenue Service of the federal government routinely seizes and sells Pennsylvania liquor licenses from delinquent federal taxpayers/liquor licensees. *See, e.g. Jaybee Loan Co. v. United States,* No. 78–3847 (May 9, 1980 E.D.Pa.) (unpublished opinion); *In re: B.J.R. Mace, Inc.,* 30 Pa.Cmwlth. 253, 373 A.2d 768 (1977); *see also Division of Labor Law Enforcement, Department of Industrial Relations, California v. United States,* 301 F.2d 82 (9th Cir.1962); *Boss Co., Inc. v. Board of Commis-sioners of Atlantic City,* 40 N.J. 379, 192 A.2d 584 (1963).

The majority of the appellate courts of other jurisdictions have likewise concluded that liquor licenses issued to a licensee with the permission of the sovereign are personal property for purposes of tax assessment, eminent domain, or the execution/enforcement of money judgments. *See, e.g., Roehm v. Orange Co.,* 32 Cal.2d 280, 196 P.2d 550 (1948); *Pacific Firestone Escrow Co. v. Food Giant Mar-kets,* 202 C.A.2d 155, 20 Cal.Rptr. 570 (1961); *Belle Isle v. Hempy,* 206 C.A.2d 14, 23 Cal.Rptr. 599 (1962); *Nelson v. Naranjo,* 74 N.M. 502, 503, 395 P.2d 228 (1964); *A.D. Jones & Co. v. Parsons,* 136 Colo. 434, 319 P.2d 480 (1958); *Oxford Distributing Co. v. Famous Robert's, Inc.,* 173 N.Y.S.2d 468, 5 A.D.2d 507 (1958); *Manos v. Green Bay,* 372 F.Supp. 40 (E.D.Wisc.1974); *and see* cases cited in *Redevelopment Authority of Philadelphia v. Lieberman,*

*supra* at 336 A.2d 258; *cf. Paramount Finance Co. v. S & C Tavern, Inc.,* 245 F.Supp. 766 (N.D.Ohio 1965). As in *Lieberman* and *Feitz Estate,* these cases from other jurisdictions deeming liquor licenses to be "property" for various purposes recognize *the intrinsic value in the right to apply for transfer of a license* to a purchaser for value or to some other person of the original licensee's choosing. Even though that right is not absolute (as the PLCB might deny the transfer), the licensee nevertheless has a valuable and marketable right to apply for the transfer and, if denied, to appeal the denial or to apply again for a transfer to a different transferee.

The majority recognizes the intrinsic value of a liquor license and would presumably, therefore, recognize the right of a liquor licensee to barter, sell and encumber that intangible asset. But in holding that the judgment creditor cannot attach the "license itself" (*i.e.,* the piece of paper upon which is printed the proper words and numbers symbolizing the rights and obligations of a liquor licensee), the majority denies a judgment creditor the ability to reach that asset through the levy/execution process.

I would hold, therefore, that a liquor license issued by the PLCB is a valuable item of intrinsic worth subject to bargain and sale in the marketplace and, as such, constitutes "personal property" within the meaning of Rule 3107, Pa.R.Civ.Pro. and the Pennsylvania laws governing the enforcement and execution of money judgments.

Appellee asserts that the Liquor Code prevents a liquor license from being considered "property" subject to levy or attachment. Specifically, appellee relies upon section 468(b.1) of the Liquor Code, 47 P.S. § 4–468(b.1) (supp.1983–84), which provides:

In the event that any person to whom a license shall have been issued under the provisions of this article shall become insolvent, make an assignment for the benefit of creditors, become bankrupt by either voluntary or invol-

untary action, the license of such person shall be immediately placed in safekeeping with the board for the balance of the term of the license and for an additional period of one year upon application to the board by the trustee, receiver, or assignee. The trustee, receiver, or assignee shall have, during said period of safekeeping, the same rights, benefits and obligations as to the license as the person to whom the license had been issued, including the right to transfer the license subject to the approval of the board. *The license shall continue as a personal privilege granted by the board and nothing herein shall constitute the license as property.*

The Commonwealth Court and the majority today agree with appellee that the license involved herein continues as a personal privilege and does not constitute a property right subject to the execution process. I do not agree that the Liquor Code specifically exempts liquor licenses from the operation of the levy/execution laws.

As we have previously recognized, a liquor license is a "personal privilege" vis a vis the PLCB because the licensee does not have unfettered discretion to dispose of or transfer the license without PLCB approval; nevertheless, the license does constitute an item of "personal property" vis a vis third parties for purposes not related to those embodied by the Liquor Code. *See Redevelopment Authority of Philadelphia v. Lieberman, supra* (liquor license is personal property for purposes of eminent domain condemnation proceedings); *Feitz Estate, supra* (value of liquor license is taxable asset of estate); *Kosco v. Hachmeister, Inc., supra* (liquor license has intrinsic value, the diminution of which must be compensated for by tortfeasor). In *Lieberman,* this Court noted the *full and final rejection of the "wooden distinction between 'rights' and 'privileges' "* which had frequently characterized American jurisprudence. 336 A.2d at 258 citing *Board of Regents v. Roth,* 408 U.S. 564, 571, 92 S.Ct. 2701, 2706, 33 L.Ed.2d 548 (1972). We stated:

The fact that a liquor license is sometimes referred to as a "privilege" rather than a "right" is irrelevant to the issue before us. We rejected the nomenclature argument in *Kosco v. Hachmeister, Inc., supra,* 396 Pa. 288, 152 A.2d 673 (1959). *See also Feitz Estate, supra,* 402 Pa. 437, 167 A.2d 504 (1961); and *Chalk Appeal,* 441 Pa. 376, 272 A.2d 457 (1971). Rigid labels, such as "right" or "privilege," cannot determine a person's constitutional and statutory right to "just compensation."

*Redevelopment Authority of Philadelphia v. Lieberman, supra* at 336 A.2d 258.

So too in the instant case, the fact that a liquor license is a "personal privilege granted by the board ... and nothing [in section 468(b.1)] shall constitute the license as property" is a label that has bearing *only* on the relationship between the PLCB and the licensee, *not* upon the relationship between the licensee and third parties. According to the majority's decision today, a liquor license is personal property that can be taxed by the Commonwealth as an asset of an estate and is property that can be condemned, and compensation paid for, in eminent domain proceedings. Yet the majority holds that the license is *not* personal property subject to levy or attachment by a judgment creditor. Such reasoning resurrects the "wooden distinction" between rights and privileges and ignores the reality that a liquor license, which can be transferred subject to PLCB approval, is a valuable right of the licensee that can be bargained for, sold and encumbered on the open market.[1]

HUTCHINSON and ZAPPALA, JJ., join in this dissenting opinion.

---

1. It is noteworthy that an amendment to the Liquor Code is presently before the legislature. Senate Bill 608, introduced April 7, 1983, has passed the Senate and is now in the House of Representatives. S.B. 608 would amend section 468 of the Liquor Code to provide: "(d) The license shall constitute a privilege between the board and the licensee. As between the licensee and third parties the license shall constitute property."