In the Matter of ALEXANDER'S GRAHAM BELL, INC., Debtor.

James A. LEWIS, Trustee, Plaintiff,

v.

The UNITED STATES of America INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 81–3306.
Adv. No. 84–528.

United States Bankruptcy Court, W.D. Pennsylvania.

March 13, 1986.

James A. Lewis, Trustee, Pittsburgh, Pa., for debtor.

J. Alan Johnson, U.S. Atty., Pittsburgh, Pa., for I.R.S.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before this Court are cross motions for summary judgment. The parties

have stipulated to the relevant facts. The only issue remaining is the determination of the Defendant's secured status in the sale proceeds from the Debtor's liquor license. After a review of the pleadings and briefs, along with the relevant case law, we hold that the Defendant is secured in the sale proceeds of liquor license.

## FACTS

Alexander's Graham Bell, Inc. (hereinafter "Debtor") was a Pennsylvania corporation engaged in the operation of a restaurant and bar in Pittsburgh, Pennsylvania. During the course of its operation the Debtor failed to pay income and social security taxes withheld from employees' wages for the fourth quarter of 1980 and the first, second, and third quarters of 1981. The Debtor also failed to pay the unemployment taxes for 1980. As of November 18, 1981, the total tax assessments were $111,622.61. Notices of federal tax liens were filed with the Prothonotary's office in Allegheny County. No contest has occurred as to the assessment or amounts claimed.

On January 11, 1982, the Debtor filed a voluntary Chapter 11 petition pursuant to the Bankruptcy Code. The Debtor remained in possession until July 10, 1984, when the case was converted to a Chapter 7 liquidation proceeding, and an Interim Trustee was appointed. Said Interim Trustee continued as the Trustee in the case.

In doing business as a restaurant and bar, the Debtor had obtained issuance of a restaurant liquor license issued by the Pennsylvania Liquor Control Board (hereinafter "PLCB"). This license was obtained prior to the assessment of taxes and filing of the liens. After conversion of the case to a Chapter 7 proceeding, and pursuant to applicable state law, the Trustee delivered the liquor license into the care of the PLCB to be held for safekeeping. 47 P.S. § 4–468(b)(1). On October 12, 1984, the Trustee made a motion to the Court to sell this license, contingent upon PLCB approval of the transfer, as required by Pennsylvania

law. 47 P.S. § 4–468(b)(1). The defendant raised objections to the sale, claiming that the debt due to the IRS was secured by a federal tax lien pursuant to Internal Revenue Code (hereinafter "IRC") § 6321, and therefore, the lien attached to the liquor license.

On December 4, 1984, the Court allowed the Trustee to conduct the sale, but directed that the Internal Revenue Service (hereinafter "IRS") claim must shift to the fund received from the sale, for a later determination of the validity of the IRS's lien on the license and subsequent sale proceeds. At sale the highest bid was $11,000, and the Court confirmed that sale.

As per the Court's earlier instruction, the parties are presently before the Court on the Trustee's Complaint to Determine the Secured Status of the IRS pursuant to 11 U.S.C. § 506.

## ANALYSIS

Two statutory provisions are in dispute in the case at bar. Section 6321 of the Internal Revenue Code provides that:

[I]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount.... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such persons.

The other statutory language, 47 P.S. § 4–468(b)(1) of the Pennsylvania Liquor Code states:

[i]n the event that any person to whom a license has been issued.... becomes a bankrupt, the license of such a person should be placed in safekeeping with the Liquor Control Board for the balance of the term of the license.... The license shall continue as a personal privilege granted by the Board and nothing herein shall constitute the license as property.

In interpreting this state statute, the Pennsylvania Supreme Court in *1412 Spruce, Inc. v. Commonwealth of Pa., Liquor Control Board,* 504 Pa. 394, 474 A.2d 280 (1984) most recently held that a liquor

license was a privilege and not property, and therefore, could not be subjected to the execution process.

The IRS claims that the tax lien should attach to the property rights; in this case the proceeds from the sale of the license, which give the license its value. In determining whether a Pennsylvania liquor license should be characterized as property or rights to property under the Internal Revenue Code and whether the government may put a lien upon the license, it must first be determined whether this is a question of state law or federal law. *See 21 West Lancaster Corp. v. Main Line Restaurant, infra; JFWIRS, Ltd. v. U.S., infra.*

The federally controlling case law on this question is *Morgan v. Commissioner,* 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 1035 (1940) and *In re Halprin,* 280 F.2d 407 (3d Cir. 1960). In *In re Halprin,* the Court found that construction of a federal statute is a federal question. That Court held that state law creates legal interests and defines their incidents, but the ultimate question of whether an interest, once created and defined, falls within a category created by a federal statute is a federal question. *Id.* at 409 (citing *Morgan, supra* ).

In *Morgan,* the U.S. Supreme Court explained the relative functions of the State and Federal statutes.

> [S]tate law creates legal interests and rights. The Federal Revenue Acts designate what interests or rights, so created shall be taxed ... If it is found in a given case that an interest or right created by local law was the object intended to be taxed, the Federal law must prevail no matter what name is given to the interest or right by State law. 309 U.S. at 80–81, 60 S.Ct. at 425–26.

In the case at bar, although the Pennsylvania statute created the legal interests and rights of the licensee, the question of whether the proceeds from the sale of the license may be taxed is a federal question to be determined by Federal law. We therefore turn our attention to the relevant state law for a determination of the legal interests and rights created.

In *In re Feitz Estate,* 402 Pa. 437, 167 A.2d 504 (1961), the Pennsylvania Supreme Court noted that the right to apply for transfer of a license upon the death of a licensee is a right which possesses value. The Court noted that this was so, even though a liquor license per se is a personal privilege and not a property right. *Id.* at 507. The Court held that "where there is a right of transfer from one to another, the license becomes a valuable property right, subject to barter and sale. It is property with value and quality." *Id.* at 507 (citing *Jaffe v. Pacific Brewing and Malting Co.,* et al., 69 Wash. 308, 124 P. 1122 (1912)). In *Feitz,* the Court stated that to hold that the right to apply for a transfer of a license is not a property right would ignore reality and be a substitution of abstract theories for the realities of the market. *Id.* at 508.

In *Redevelopment Authority of the City of Philadelphia v. Lieberman,* 461 Pa. 208, 336 A.2d 249 (1975), in an eminent domain proceeding, the Pennsylvania Supreme Court held that a liquor license has value for which a private person must be compensated when that value is destroyed by another private person.

In this case, the Redevelopment Authority condemned the premises in which a business had been operated for thirty-five (35) years. The Court found that when a liquor license loses value as a result of condemnation of the premises, the loss of value in the license was compensable.

That Court explained that "property has been used over the years to describe both the physical object which is the subject of ownership, and to describe the aggregate of rights which an owner possesses in or with respect to the physical object." *Id.* at 252.

The Court further noted that a liquor license adds significant use value to a particular premises, and that while a liquor license is sometimes referred to as a privilege, rigid labels should not apply. *Id.* at 258.

In *1412 Spruce, supra,* this same Supreme Court noted that it is not the license itself which is an item of value, but rather the license as it is applied to the business

which produces a value. 474 A.2d at 282. In the instant case, it is the sale of the license which produces the value. Although the license issued by the PLCB has been designated as a privilege by the Pennsylvania statute, it meets the *Lieberman* Court's flexible definition of property. It cannot be denied that the Debtor's license added value to the business; that the business is no longer viable does not change the inherent worth attached to the privilege. As Justice Flaherty so aptly stated:

> [I]f the retail liquor establishment had no liquor license, it would be worth one figure; if it had a license, it would be worth more. But in any case, it is not the license which itself is an item of value, but rather the license *as it is applied to the business* which produces a value. This value is a projected income, a livelihood for the license holder and if the business is condemned (Lieberman) ... or continued by virtue of the exercise of the power to request transfer of a decedent's license (Feitz Estate), it is fundamental that the opportunity for business income, if taken away, must be compensated for, and if preserved, may be taxed. 474 A.2d at 282 (emphasis in original).

That the license in this case is to be transferred pursuant to the earlier sale, shows a business income to the Debtor which can be taxed under applicable Pennsylvania law.

The federal courts sitting in Pennsylvania have had the opportunity to discuss aspects of this issue since the Pennsylvania Supreme Court decided *1412 Spruce.*

In *Matter of M.J.'s Inc.,* 49 B.R. 492 (Bktcy.W.D.Pa., 1985), the plaintiff sought a recovery of $40,000.00 lent to the defendant in return for a promissory note and a security agreement. The Court held that the license was a privilege and not personal property capable of being subject to a security interest. 49 B.R. at 493. However, the Court did not reach the issue of whether the *proceeds* of the liquor license could be the subject of a security interest, and therefore, this decision is of no precedential value to the case at bar.

The most influential decision in this area by a federal court in Pennsylvania is *JFWIRS, Ltd. v. U.S.,* 607 F.Supp. 566 (M.D.Pa.1985). The factual situation in *JFWIRS* is remarkably similar to that presently before this Court, except that in *JFWIRS* the license in question had not been sold, the levy and/or sale being enjoined by the Court pending final disposition of the action. The Court stated that the preliminary injunction was granted because the Court, at that time, believed that the IRS would fail on the merits. However, after full consideration of the action, the Court reversed its earlier position and granted the summary judgment motion of the United States. In so granting the motion, the Court examined the decision in *1412 Spruce* as well as that in *Morgan.*

In analyzing *Morgan,* the Court in *JFWIRS* found that, "It is clear from the context of the [Morgan] opinion that the Court did not intend to be bound by state law definitions of property, but only by whether state law conferred any right in the property upon the taxpayer which could then be attached by the government. *Id.* at 569. The *JFWIRS* court held that *"Morgan* establishes, however, that how a state labels a property right is not dispositive of the reach of federal law. We conclude that *1412 Spruce, Inc., supra,* does not control whether the liquor license is 'property' within the meaning of [I.R.C.] section 6321. That is a federal question." 607 F.Supp. at 569–70. In reaching this conclusion, the Court cites to *In re Halprin, supra,* the Third Circuit decision in this area. The *JFWIRS* Court, citing the dissent in *1412 Spruce,* went so far as to hold that the liquor license "constitutes property upon which the United States could attach a lien under section 6321" *Id.* at 570.

Following the decision in *JFWIRS,* the federal court in the Eastern District of Pennsylvania was presented with a similar issue. In *21 West Lancaster Corp. v. Main Line Restaurant,* 614 F.Supp. 202 (E.D.Pa.1985), the Court was faced with the question of whether the assignees of the taxpayer or the Internal Revenue Service had priority interest in the taxpayer's

liquor license. The factual dissimilarity between *21 West* and the case at bar is that in *21 West* the taxpayer's assignee had a perfected interest in the "value enhancement component of the license" prior in time to the recorded federal tax liens. *See* 614 F.Supp. at 206. The Court discussed the various legal arguments presented by relying upon *Halprin, Lieberman, 1412 Spruce, Feitz,* and *Morgan,* all *supra.* The Court concluded that "[the] Supreme Court and Third Circuit precedent directs that interpretation of the phrase 'property or rights to property', set forth in 26 U.S.C. §§ 6321 and 6331, be a federal question. The Supreme Court has also directed the lower courts to interpret broadly the phrase 'property or rights to property'." (citations omitted) 614 F.Supp. at 207–8.

The Court in *21 West* adopted the test employed by the Third Circuit in *Halprin, supra.* The two-prong analysis requires, first, a determination of the incidences of property associated with a Pennsylvania liquor license under Pennsylvania law, and, second, an examination of whether the interest as created and defined falls within the 'property or rights to property' category of the Internal Revenue Code. *See* 614 F.Supp. at 205.

The Court denied the IRS a right to execute upon the property, only because it determined that the taxpayer had already assigned the "value enhancement component" it had in said liquor license to the party whose perfected interest was prior in time to that of the IRS. Therefore, there was no value remaining with the taxpayer to which the lien could attach. In so reasoning, the Court held that the assignees had "a right to the proceeds from the sale of the liquor license senior to that of the government." *Id.* The government cited the *JFWIRS* case as authority for the position that a liquor license is property upon which the government can lien and execute. However, the *21 West* Court noted that *JFWIRS* recognized a governmental right to the proceeds from the sale of the license, not a right in the license itself. *Id.* p. 208 n. 9.

It cannot be disputed that the license has value beyond the paper upon which it is printed. To argue otherwise would be folly. Such a rigid and inequitable decision would require this Court to completely ignore economic realities in favor of ethereal notions. The Pennsylvania Supreme Court has traditionally given a liberal interpretation to the meaning of the word "property." We agree with the Pennsylvania Supreme Court that the license itself is not an item of value, but rather obtains its value in its application. *1412 Spruce, Inc., supra,* at 282. In the present case, as in *JFWIRS* and *21 West,* this application is in the proceeds of the sale. Therefore, the IRS lien should attach to the proceeds of the sale of the license.

For these reasons, we hold that the IRS is entitled to the proceeds of the sale of the license in order to satisfy the unpaid taxes.

An appropriate order will be issued.