506 A.2d 499

Douglas Steve Replogle, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

Argued February 4, 1986, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Richard S. Wilt,* for petitioner.

*Michael L. Harvey,* Deputy Attorney General, with him, *Allen C. Warshaw,* Executive Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, March 17, 1986:

The Pennsylvania Liquor Control Board preliminarily objects to Douglas Steve Replogle's original jurisdiction request for a declaratory judgment that section 472 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-472, which permits municipalities to exercise a local option to prohibit the issuance or renewal of various liquor licenses, is in violation of the Pennsylvania and United States Constitutions. We sustain the board's preliminary objections, on the ground of failure to state a cause of action.

Replogle applied for a liquor license and the board conditionally approved that application on August 15, 1972. The board granted final approval on December 21, 1977, after Replogle had completed required renovations to the premises. The board renewed Replogle's license each year until 1985. On May 21, 1985, Penn Township, where Replogle operates his tavern business, voted to ban the issuance or renewal of retail liquor licenses within the township. Because of the results of the vote, the board, citing section 472, did not review Replogle's license for another year and it expired on January 31, 1986.

Section 472 of the Liquor Code permits municipalities to exercise a "local option" to restrict the sale of alcoholic beverages by means of a referendum vote. Section 472 states in pertinent part:

[I]f a majority of the electors voting on any such question vote 'no' then the board shall have no power to grant or renew upon their expiration any licenses of the class so voted upon in any such municipality....

Also, by the terms of section 472, Penn Township must wait for four years before it may conduct a vote in exercising its local option, to lift that ban. "It is abundantly clear that the conduct of the liquor business is lawful only to the extent and manner permitted by statute." *Commonwealth v. Koczwara,* 397 Pa. 575, 581, 155 A.2d 825, 818 (1959).

Replogle contends that effect of the local option law is to take the property without just compensation and contrary to due process of law, so that it violates both Art. I, §10, of the Pennsylvania Constitution and the Fifth Amendment of the United States Constitution. In his brief, Replogle contends that Penn Township's exercising of its local option has denied him the benefits of his investment in his tavern as certainly as if the tavern had been closed because of eminent domain proceedings.

Properly stated, the issue before this court is: Does a licensee have a property right in the renewal of a liquor license? We conclude that he does not.

The Pennsylvania Liquor Control Board issues annual, renewable liquor licenses. "A liquor license, even when granted, is not a property right. It is only a privilege." *Spankard's Liquor License Case,* 138 Pa. Superior Ct. 251, 259, 10 A.2d 899, 903 (1940). License renewal is not automatic and the board may decline to renew for a number of reasons. We note that a

refusal to renew a liquor license is a separate and distinct event from the suspension or revocation of a liquor license.

A local option vote action to restrict or ban sales of alcoholic beverages does not result in the immediate suspension or revocation of an existing liquor license. It takes effect only at the expiration of that license. If the municipality's electorate vote to ban alcohol sales, the board then has "no power to grant or to renew upon their expiration any licenses of the class so voted upon...." 47 P.S. §4-472.

When a potential licensee seeks permission from the state to engage in alcoholic beverage sales, that licensee does so with full notice of all relevant statutory provisions. The local option, set forth at 47 P.S. §4-472, is merely one way that the state may limit alcoholic beverage sales. The licensee exercises the privileges granted to him by that license with full notice and assuming the full risk that, however unlikely, the voters of the local municipality *could* possibly choose to exercise that local option for whatever reasons that the voters saw fit.

Because the local option decision takes effect only at the expiration of the annual license term, there cannot be any undue or illegal taking because the privileges granted by the operator's license have then lapsed. Constitutional infringements are absent.

In his brief, Replogle contends that the past record of seemingly automatic renewal amounts to, absent any misconduct attributable to Replogle, a perpetual license. We do not agree. The past record of renewal provides no guarantee of future action. The actions surrounding the state's grant of each one-year liquor license do not create an incrementally vesting right because the tavern owner who has successfully renewed his license annually for a number of years and who has invested time and money in his establishment may just

as surely be subject to the effect of local option provisions as well as the barkeeper who seeks to renew his annual license for the first-time. Replogle's characterization of Penn Township as a "wet" community merely means that, historically, the odds favored the status quo — they did not guarantee it. "Individuals who embark on such an enterprise [liquor business] do so with knowledge of considerable peril, since their actions are rigidly circumscribed by the Liquor Code." *Commonwealth v. Koczwara,* 397 Pa. 575, 581, 155 A.2d 825, 828 (1959).

Although the Pennsylvania Supreme Court in *1412 Spruce, Inc. v. Pennsylvania Liquor Control Board,* 504 Pa. 394, 474 A.2d 280 (1984), clearly held that a liquor license does not constitute personal property subject to the execution process, Replogle relies strongly upon that decision and upon *Redevelopment Authority of Philadelphia v. Lieberman,* 461 Pa. 208, 336 A.2d 249 (1975), and *Kosco v. Hachmeister,* 396 Pa. 288, 152 A.2d 673 (1959), for the proposition that the "opportunity for business income" under a liquor license constitutes a compensable property interest. As the Supreme Court pointed out clearly in *1412 Spruce,* the issue in those three cases was the value of the liquor sales business "*given* the fact that the business has a license to sell liquor...." 504 Pa. at 399, 474 A.2d at 282 (emphasis added). Thus the Supreme Court assumed the ongoing existence of a liquor license and dealt with the issues in that context. On the other hand, this case does *not* begin with any assumption or advance premise that a liquor license is in being. This case deals with the entirely different question as to whether there is a right to enjoy the license privilege indefinitely, and hence, when the license has expired by its terms, any right to have it renewed despite the limiting conditions of the statute under which it was issued. The cited cases do not affect the result here.

Because Replogle took his license subject to all provisions in the Liquor Code, including the local option provision, we must deny relief by sustaining the preliminary objections.

ORDER

Now, March 17, 1986, the preliminary objections filed by the Pennsylvania Liquor Control Board are sustained.