EQUITABLE TRUST CO. *v.* KAROS.

1. EQUITY—JURISDICTION—RECEIVERS—PARTNERSHIP—OWNERSHIP OF PROPERTY—ADEQUACY OF REMEDY AT LAW.

Determination of ownership of valuable machinery, property in possession of partnership of which plaintiff was appointed receiver, was a matter within jurisdiction of court in suit to enjoin removal of such machinery by claimed owner-lessor thereof since the receiver had no adequate remedy at law to set aside the claimed lease on the ground of fraud or to prevent him from taking possession of the machines and disrupting the

business, ownership had to be determined as a necessary incident to the accounting of the copartnership, the appointment of the receiver, and control of the court and receiver over the firm's property, the parties were before the court and the subject matter was within its jurisdiction.

2. APPEAL AND ERROR—DE NOVO REVIEW—FRAUD—CONSPIRACY—ADMISSION OF EVIDENCE.

On *de novo* review of receiver's suit to enjoin alleged owner-lessor of valuable machinery from removing machinery used by firm of which plaintiff was receiver, Supreme Court finds no improper liberality in receiving testimony based on the claim of fraudulent conspiracy.

3. SAME—CHANCERY CASES—WEIGHT OF EVIDENCE—FINDING OF COURT.

The conclusion of the trial court in a chancery case that the evidence as a whole preponderates in favor of a party is not disturbed on appeal where the testimony is conflicting as the trial court was in a better position to judge the credibility of the witnesses and the weight to be given their testimony.

4. SAME—RECEIVERS—OWNERSHIP OF PROPERTY—FINDING OF COURT —EVIDENCE.

Where plaintiff receiver had been appointed incident to original chancery case in which the plaintiff therein sought to set aside agreement for dissolution of partnership on ground of fraud and a petition therein to lease machines from defendant herein was denied after hearing on the merits, where testimony as to ownership of such machines in instant case was in conflict, finding for plaintiff receiver that the machines belonged to the firm and not defendant is not disturbed.

Appeal from Wayne; Toms (Robert M.), J. Submitted June 7, 1944. (Docket No. 15, Calendar No. 42,637.) Decided October 11, 1944. Rehearing denied December 1, 1944.

Bill by Equitable Trust Company, successor receiver of Sam Karos, doing business as Karos Tool & Manufacturing Company, and of Karos Tool & Manufacturing Company, an alleged partnership, against Sam Karos, Frank T. Hinks, and John Silaides to determine the ownership of machinery

and for an injunction. Decree for plaintiff. Defendant Silaides appeals. Affirmed.

*John P. O'Hara, Edgar M. Branigin,* and *John F. Wagner,* for plaintiff.

*Crawford S. Reilley* and *Philip J. Williams,* for defendant.

BOYLES, J. In August, 1940, Ernest Sachs filed a bill of complaint in the circuit court for Wayne county against Sam Karos and others, doing business as copartners under the name of Karos Tool & Manufacturing Company, seeking to set aside an agreement for dissolution of the copartnership made without his knowledge, on the ground that it was fraudulent. Sachs asked for an accounting and other relief. In this opinion we refer to the above proceeding in chancery as the "original case," and for brevity we hereafter refer to the Karos Tool & Manufacturing Company as "the company." Various defendants in that case filed cross bills, seeking affirmative relief and asking for the appointment of a receiver. An extended hearing was held in that case before Hon. DeWitt H. Merriam, circuit judge for Wayne county, and on December 1, 1942, a decree was entered for the plaintiff, from which the defendants have appealed. That appeal is now pending in this court.

During the progress of the hearing in the original case Judge Merriam appointed the Equitable Trust Company, plaintiff in the instant case, as successor receiver for the company. On July 22, 1941, the first receiver had filed the bill of complaint in the instant case in the circuit court for Wayne county. In it the receiver alleges that there was situated in the shop of the company among other property two

machines worth $15,000 and upwards, of great value to the operation of the business, that Sam Karos had filed a petition in the original case asking for permission to enter into a lease or to purchase these two machines, that Judge Merriam had denied this petition after a hearing thereon, that these machines were purchased by the company pursuant to a priority order of the United States based on the fact that the company was engaged in war preparedness work, and that they were paid for with company funds. The bill further alleges that the receiver plaintiff had been served with a notice that the appellant herein, John Silaides, claimed he was cancelling a lease to Karos for these two machines, and that he was giving notice of an intention to remove and repossess the same from the company. The bill further alleges that this so-called lease was fraudulent, a mere device to obtain possession of the machines and to defraud the company; that their removal would cause irreparable damage to the business; and that a determination of the ownership of the machines was necessary before the receiver could carry out orders of the court in the receivership proceedings. Pursuant to the prayer of the bill the court issued a temporary injunction restraining the appellant herein from making any attempt to claim or remove the machines. Silaides moved to dismiss the bill of complaint and to dissolve the injunction, mainly on the ground that he was thereby prevented from seeking a determination of the ownership of the two machines by a jury trial in a law case. The motion to dismiss the bill of complaint and dissolve the injunction was denied, issue joined, and the instant case heard on pleadings and proofs taken in open court. Decree was entered adjudging that the two machines were the property of the company, that the receiver had the right to possession, and

that the purported lease from Silaides to Karos was a fraud and a nullity. Silaides appeals. During the hearing below the case was dismissed as to defendants Sam Karos and Frank T. Hinks and they are not parties in this appeal.

We find no merit in appellant's contention that the bill of complaint should have been dismissed on the ground that the court could not determine the ownership of the property as between the receiver and Silaides in this proceeding. The receiver had no adequate remedy at law to set aside the claimed lease from Silaides to Karos on the ground of fraud or to prevent Silaides from taking possession of the machines and thus disrupting the business of the company. As a necessary incident to the accounting of the copartnership, the appointment of a receiver, and the control of the court and the receiver over the property of the company, it became necessary to determine whether the machines belonged to the company. If they were company property the receiver was entitled to possession, and the machines should be included in the assets of the company for accounting. The parties were before the court and the subject matter was within its jurisdiction. Other grounds urged by appellant for dismissing the bill have no merit. Appellant now seeks reversal of the decree, claiming errors in receiving testimony. There was credible testimony from which an inference might properly be drawn of the existence of a conspiracy between Silaides, Karos, and others to defraud the company. Having in mind this is a chancery case heard by the court, which we hear *de novo,* we find no improper liberality in receiving testimony based on the claim of a fraudulent conspiracy.

In our review of the facts we have been greatly aided by the statements of facts by counsel in their

briefs. Their respective viewpoints of the testimony and inferences to be drawn therefrom have been fairly and comprehensively presented in the briefs. We find it unnecessary to repeat here the full details of this conflicting testimony. The machines in question were originally ordered by the company, and the priority order permitting purchase and delivery of the machines was obtained from the United States government by the company through another concern for which the company was manufacturing war material as a subcontractor. Silaides claims that the company did not have the money to pay for the machines and that it was arranged he was to purchase the machines and lease them to Karos, doing business as the company. He claims that he purchased the machines himself, that he became the owner, and that he had the right to lease them to Karos, doing business under the assumed name of Karos Tool & Manufacturing Company. He admits that Karos petitioned the court in the receivership for permission to lease the machines from him, that the petition was heard on the merits and denied by the court. Silaides admits he did not have the money to pay for the machines and claims to have borrowed it from Karos, Mrs. Karos, and others interested in the company. We need not decide whether the purchase money came from one of the numerous so-called "kitties" organized by Karos out of funds of the company, or of its copartners, to conceal the real financial setup of the company. The manipulations of financing fully justify the finding of the court below that the company, not Silaides, was the real purchaser of the machines in accordance with the priority order permitting delivery. In fact, Silaides executed an assignment of his ostensible interest in the machines without consideration, the name of the assignee being left blank. His ex-

planation of the entire transaction borders on the improbable. The circuit judge saw the witnesses and heard testimony of all of the people who might throw any light on the matter. The trial court was in a better position to judge the credibility of the witnesses and the weight to be given their testimony. The testimony is unquestionably in direct conflict, and we do not overrule the conclusion of the trial court that the evidence as a whole preponderates in favor of the plaintiff.

While the testimony is conflicting, the essential issue in the instant case is narrow and does not impinge upon the issues to be determined in the original case. The only real issue for determination here is, does the company own these machines as against the defendant Silaides? The financial manipulations and connivances between Karos and Silaides are apparent. The record fully convinces that Silaides had no right whatever to any interest in these machines or to any rental from the so-called lease which was declared a fraud by the court below. Silaides was a willing tool used in an attempt to perpetrate a fraud against the company.

The decree is affirmed, with costs of both courts to appellee.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.