395 P.2d 228

**L. V. NELSON and Pearl G. Nelson, Plaintiffs-Appellants,**

v.

**Emilio NARANJO, Individually and as Sheriff of Rio Arriba County, New Mexico, Defendant-Appellee.**

**No. 7472.**

Supreme Court of New Mexico.

Sept. 8, 1964.

Chacon & Melendez, Espanola, for appellants.

Bigbee & Byrd, John A. Mitchell, Santa Fe, for appellee.

C. R. McINTOSH, District Judge.

The only question presented for determination in this case is whether a liquor license, issued under the laws of the State of New Mexico, is property, subject to levy execution and sale by the Sheriff acting under authority of a lawfully issued writ of execution.

Appellants were the owners of a dispenser's liquor license issued by the State of New Mexico and had previously in other litigation pending in the district court of Rio Arriba County, New Mexico, suffered a substantial judgment to be rendered against them, upon which a writ of execution had been duly issued and delivered to the appellee herein as the Sheriff of Rio Arriba County, New Mexico, for levy and satisfaction upon and out of the property goods, chattels and lands of the appellants.

Acting under the authority of this writ of execution the Sheriff, appellee herein, levied upon and took into his possession, and proposed to sell at public vendue the dispenser's liquor license issued to appellants and removed it from their premises. Thereupon, appellants started this action by petition to the district court of Rio Arriba County for the return of said liquor license and to recover substantial damages against appellee for wrongful levy, claiming that the license was not subject to levy under the execution issued by the district court for the reason that it was not a property right, but on the contrary was a mere privilege granted by the State and as such not a proper subject matter for levy and sale under execution.

Among other things, it was stipulated by the parties in the trial court "That in the event a liquor license is property, that it is subject to execution, levy and sale under the laws of New Mexico."

Section 24-1-2, N.M.S.A.1953, on the subject of execution, provides as follows:

"The execution shall be against the goods, chattels and land of the defendant against whom the judgment, order or decree shall be rendered."

The trial court in sustaining a motion to dismiss ruled that the dispenser's liquor license is property and therefore subject to execution, levy and sale under the laws of New Mexico, and dismissed the complaint from which ruling plaintiff has appealed.

Appellants strenuously contended that this court is unalterably committed to the proposition that a liquor license in New Mexico is not property but, on the contrary, is a mere privilege granted by the State in which the holder has no vested property rights, and cites in support of his position three decisions of this court, as follows: Ex parte Everman, 18 N.M. 605, 139 P. 156; Ex parte Deats, 22 N.M. 536, 166 P. 913; Yarbrough v. Montoya, 54 N.M. 91, 214 P.2d 769, as conclusively supporting their position.

We have carefully reviewed the three above cited cases and have noted the language used by this court therein substantially holding that in New Mexico as against the State, a license to retail intoxicating liquor is neither a property right nor a contract, but is a mere privilege in which the licensee has no vested property rights. It must be noted that in each of the three cases the controversy involved was between the State on the one hand and the licensee on the other. There can be no question that as between the State and a licensee this is a correct statement of the law and we adhere to our rulings as set forth in those cases.

We cannot, however, agree with appellants' contention that these earlier cases are conclusive in this case. An entirely different situation is here presented, in that the State of New Mexico is in no way involved in this controversy. It is a controversy strictly between two private citizens or individuals.

This distinction was clearly recognized by this court in Valley Country Club, Inc. v. Mender, 64 N.M. 59, 323 P.2d 1099, where we said:

"Although the appellee had no vested rights in the license as against the state, Yarbrough v. Montoya, 1950, 54 N.M. 91, 214 P.2d 769, he has a right to the license as against his lessee after the termination of the lease."

The Court then had under consideration the rights of a liquor licensee in a license which it had leased to another individual where the original licensee was seeking to enjoin a transfer of the license to another location.

It should be pointed out that ever since the adoption of Ch. 236, N.M.S.L.1939 (§ 46–5–15, N.M.S.A.1953, sub-paragraph (c) and (f)), and under subsequent amendments thereafter adopted (Ch. 196, N.M.S.L.1961, and Ch. 270, N.M.S.L.1963 (§ 46–5–15(B) and (E), N.M.S.A.1953) liquor licenses were specifically made assignable and transferable to persons found by the chief of the liquor division to be qualified to receive

licenses in the first instance and subject to certain other restrictions, and in the case of the death of the holder of any license, the unexpired portion of the license is transferred to and vested by operation of law in the personal representative of the deceased who is given authority to dispose of the same to a qualified purchaser and subject to the same conditions of approval by the chief of the liquor division applicable to other transfers.

In discussing the effect of assignability or transferability of a liquor license, the early (1940) edition of Am.Jur., under the heading of Intoxicating Liquors, § 136, p. 326, says:

"When the legislature has made licenses assignable or transferable, and the transfer can be effected with the consent of the authorities, a liquor license has been regarded as property; in such case, it is an asset of the estate of the licensee which passes to the trustee in bankruptcy, a receiver, or, in the case of the licensee's death, his personal representative."

From the later (1958) edition of the same work, Vol. 30, Am.Jur., "Intoxicating Liquors," § 119, p. 603, the above language is changed somewhat but is essentially to the same effect, as follows:

"Moreover, wherever the courts consider a liquor license as transferable property, it will be held subject to execution, attachment, or garnishment, and will be considered an asset of the estate of the licensee which passes to the trustee in bankruptcy or a receiver, or, in case of the licensee's death, his personal representative."

The Court of Appeals for the District of Columbia was confronted with the identical question presented here, in the case of Rowe v. Colpoys, 78 U.S.App.D.C. 75, 137 F.2d 249, 148 A.L.R. 488 (1943); cert. den., 320 U.S. 783, 64 S.Ct. 190, 88 L.Ed. 470, which was an action by a judgment debtor against the United States Marshal for damages for an alleged improper levy on a liquor license of the judgment debtor by the United States Marshal.

In affirming the trial court, the Circuit Court of Appeals said:

"But, even apart from this, and judged by the standard of the common law, the license involved in the present case should be subject to levy. The rule that intangible or incorporeal interests should not be subjected to the process of fieri facias, was applied in the case of such licenses as those of lawyers or physicians to practice their professions, and in the case of corporate franchises issued by legislative enactment. Considerations of public policy and of public convenience, perhaps, argue in favor of such a limitation. In the first case, issuance of the license is

based upon qualities of personal probity and professional skill which require the most careful, individual scrutiny, and forbid transfer under any circumstances. In the second case, the state, as a matter of its own convenience and sovereignty, may properly limit the nature and extent of its grant; especially in forbidding transfer of such a franchise under process against it.

"No such considerations are present here. Express provision, for transfer and assignment of such a license as is involved in the present case, was made in the statute which provides for its issuance in the first place. * * * But, whether it is a right, the transfer of which is controlled by a court or by some other authority, it is, nevertheless, a valuable right, with attributes of property and transferable value, in the market of alcoholic beverage distribution. No good reason, either of procedure or policy, has been urged, and none is apparent, for exempting this form of property right, and its tangible evidence, from the same process as that to which other property rights are subject.

"We conclude, therefore, that the rule of the common law which forbids a levy upon licenses, was confined, and should be confined to non-transferable licenses; that the reason for the rule fails in the case of a license which, by express statutory provision, is made subject to transfer; that, under the law of the District of Columbia, the license involved in the present case was subject to levy."

We agree with this reasoning.

The Supreme Court of Montana had the identical proposition before it in the case of Stallinger v. Goss, 121 Mont. 437, 193 P. 2d 810. We quote from that opinion, as follows:

"Appellant contends that a retail liquor license is not personal property subject to attachment. * * *

"Chapter 84, section 8, Laws of 1937, permits the transfer of retail liquor licenses, with the consent of the Montana liquor control board; thus, a retail liquor dealer's license could be purchased by a qualified person at sheriff's sale, and such purchaser could insist that the license, so purchased, be transferred to him, subject to his meeting the requirements of law and the regulations of the state liquor control board.

"Section 6672 of the Revised Codes of Montana 1935, defines personal property: 'Every kind of property that is not real is personal.' A retail liquor license is saleable and is personal property of value and subject to attachment.".

A somewhat different aspect of the problem was involved in Hom Moon Jung v. Soo, 64 Ariz. 216, 167 P.2d 929, at page 931, where the Arizona Supreme Court quoted with approval, from Deggender v. Seattle Brewing & Malting Co., 41 Wash. 385, 83 P. 898, 4 L.R.A.,N.S., 626, as follows:

"Under statutes which do not permit transfers of the license from one person to another, and where the right is a personal privilege only, we think the rule stated is undoubtedly correct. But where the statute recognizes the right of transfer from one to another, and where the right is a valuable right, capable of being surrendered and reduced to money, a different rule prevails. In such cases the license or right to do business becomes a valuable property right, subject to barter and sale. It is property with value and quality."

It accordingly is our opinion that as between the State and the licensee, a liquor license is a mere revocable privilege vesting no property rights in the licensee, but, as between the licensee and any other individual, such license is property and as such is subject to levy and sale under execution.

The judgment of the district court in dismissing the petition is affirmed. It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.