458 P.2d 594

**Letha CANTRELL, Plaintiff-Appellant,**

**v.**

**Finis T. CURNUTT, Defendant-Appellee.**

**No. 8663.**

Supreme Court of New Mexico.

Sept. 8, 1969.

**520**

McAtee, Marchiondo & Michael, Charles G. Berry, Patrick L. Chowning, Albuquerque, for plaintiff-appellant.

Emmett C. Hart, Tucumcari, for defendant-appellee.

## OPINION

COMPTON, Justice.

The appellant appeals from an order directing the sale of a liquor license, an alleged asset of a partnership known as the Hillcrest Club, for the payment of the indebtedness of the partnership.

This action was originally commenced by Letha Cantrell alleging that Curnutt had failed to contribute to the partnership in accordance with the partnership agreement, and, by a second cause of action, she sought one-half of insurance proceeds on a fire loss sustained by the partnership. Curnutt counter-claimed for damages for misrepresentation, for advances made on behalf of the partnership, and for an accounting. The court found that Cantrell and Curnutt became partners in the partnership business known as Hillcrest Club and that the partnership owes to Curnutt the sum of $12,096.95 advanced by him to the partnership. Judgment was entered accordingly June 16, 1966, the court retaining jurisdiction of the action for the purpose of an accounting and a dissolution of the partnership.

On September 1, 1967, appellee moved for an order directing the sale of the liquor license belonging to the partnership and to have the proceeds applied in satisfaction of the partnership indebtedness. Appellant resisted the motion principally on the ground that the 1966 judgment did not cover the liquor license. The court conducted a hearing on the motion as to whether the liquor license was an asset of the partnership business and concluded that it was. From an order directing a sale of the license, this appeal is taken.

Appellant contends first that the liquor license was not an asset of the partnership. To dispose of this argument adversely to her, we only need to look at the partnership agreement, and we quote the pertinent provisions:

"WHEREAS, Cantrell is the owner in her own right of retail liquor and cock-

tail lounge business, known and operated under the style and name of Hillcrest Club, located at Tucumcari, New Mexico, *the business consisting of State and County licenses, carrying with them the privilege of retailing and dispensing alcoholic beverages* for the year ending June 30, 1965, and the stock and fixtures, furniture, furnishings and equipments now located at the place of business and used in connection with the operation thereof; * * *." (Emphasis ours.)

* * * * * *

"* * * Letha Cantrell hereby sells and conveys to Finis T. Curnutt an undivided one-half (½) interest in the business of the Hillcrest Club, and the parties hereby associate themselves together as copartners under the name and style of Hillcrest Club * * *."

■ Appellant next contends that since the 1966 judgment did not specifically mention the license as a business asset, the judgment had become final and that the court lacked jurisdiction to later determine the status of the license, citing § 21-9-1, N.M.S.A.1953. We find no merit to this contention. She overlooks the reservation in the 1966 judgment whereby the court retained jurisdiction of the cause. We are satisfied that the court in determining that the liquor license was an asset of the partnership functioned under its retained jurisdiction for the purpose of a final accounting and dissolution of the partnership. Compare Johnson v. Townsend, 192 Ga. 522, 15 S.E.2d 790; Danico v. Ford, 230 Iowa 1237, 300 N.W. 547; City of Eureka v. Kansas Electric Power Co., 133 Kan. 708, 3 P.2d 484; Equitable Trust Co. v. Karos, 309 Mich. 565, 16 N.W.2d 76; Meagher v. Equity Oil Company, 5 Utah 2d 196, 299 P.2d 827; In re Curtis' Trust Estate, 253 Wis. 119, 33 N.W.2d 193, 864.

■ Appellant further urges that the transfer by her to the partnership was void as being in violation of § 46-5-1, N.M.S.A. 1953. The argument is answered by Valley Country Club, Inc. v. Mender, 64 N.M. 59, 323 P.2d 1099. While the partnership

has no vested rights as against the state, Yarbrough v. Montoya, 54 N.M. 91, 214 P.2d 769, it has the right to the license, subject to the approval of the chief of liquor division, as against the appellant. See Nelson v. Naranjo, 74 N.M. 502, 395 P.2d 228.

■ We conclude that the findings and conclusions of the court at the 1968 hearing have ample support in the evidence and are consistent with findings and conclusions theretofore made. See Shelley v. Norris, 73 N.M. 148, 386 P.2d 243.

The judgment should be affirmed.

It is so ordered.

TACKETT, J., and JAMES W. MUSGROVE, District Judge, concur.