**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2012-NMCA-046

Filing Date:     March 22, 2012

Docket No. 30,921

TOWN & COUNTRY FOOD STORES, INC.,
d/b/a TOWN AND COUNTRY FOOD STORES
#241, Liquor License #0996,

       Appellant-Respondent,

v.

NEW MEXICO REGULATION AND
LICENSING DEPARTMENT, ALCOHOL AND
GAMING DIVISION, AND THE DIRECTOR OF
THE ALCOHOL & GAMING DIVISION,

       Appellees-Petitioners.

Consolidated with

NO. 30,922

TOWN & COUNTRY FOOD STORES, INC.,
d/b/a TOWN AND COUNTRY FOOD STORES
#248, Liquor License #4035,

       Appellant-Respondent,

v.

NEW MEXICO REGULATION AND
LICENSING DEPARTMENT, ALCOHOL AND
GAMING DIVISION, AND THE DIRECTOR OF
THE ALCOHOL & GAMING DIVISION,

       Appellees-Petitioners.

APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY
Teddy L. Hartley, District Judge

1

Linda L. Aikin
Santa Fe, NM

for Respondent

Gary K. King, Attorney General
Andrea R. Buzzard, Assistant Attorney General
Santa Fe, NM

for Petitioners

**OPINION**

**WECHSLER, Judge.**

{1}	In this case, we consider whether criminal liability is a condition precedent to the imposition of a civil penalty on a licensee in an administrative hearing under the Liquor Control Act (the Act), NMSA 1978, §§ 60-3A-1 to -8A-19 (1981, as amended through 2011). Appellant, the New Mexico Regulation and Licensing Department Alcohol and Gaming Division (the Department), filed a petition for a writ of certiorari in this Court seeking review of a district court decision reversing two administrative decisions finding that Appellee, Town and Country Food Stores, Inc. (Town & Country), violated Section 60-7B-1(A)(1) by selling alcohol to a minor and imposing a one-day suspension of Town & Country's liquor license and a fine pursuant to Section 60-6C-1(A)(1). We granted the Department's petition.

{2}	In its petition to this Court, the Department argues that the district court erred by (1) holding that criminal liability of the server is a condition precedent to the imposition of a civil penalty against a licensee under Section 60-6C-1(A)(1) for a violation of Section 60-7B-1(A)(1) and (2) raising the issue sua sponte because Town & Country did not raise the issue in the administrative hearing. We hold that the district court erred in determining that a criminal conviction of the server pursuant to Section 60-7B-1(F) is a condition precedent to the Department's imposing civil liability on the licensee under Section 60-6C-1(A)(1). As a result, we reverse the decision of the district court and need not address the Department's second issue. We remand for the district court to consider the remaining appellate issues presented to, but not reached by, the district court.

**BACKGROUND**

{3}	This case arises out of two consolidated appeals from the Department. In each case, the Department found that Town & Country violated Section 60-7B-1(A)(1) by selling alcohol to a minor. Both violations arose out of sting operations conducted by the Special Investigations Division (SID) of the New Mexico Public Safety Department.

2

**{4}** The first sting operation occurred on May 13, 2008. SID agents used Justin Garrison, then nineteen years old and therefore a minor, to purchase alcohol at Town & Country's store number 248 in Clovis, New Mexico. Garrison entered the store, obtained a six-pack of beer from the cooler, and placed it on the check-out counter. The clerk did not request identification from Garrison or inquire about his age. Garrison purchased the beer, and a SID agent issued Town & Country and the clerk citations for violating the Liquor Control Act, Section 60-7B-1(A)(1), which prohibits the sale of alcohol to minors.

**{5}** The second sting operation took place on June 12, 2008. Again, SID agents used Garrison to purchase alcohol, this time at Town & Country's store number 241 in Clovis, New Mexico. Garrison entered the store, obtained a six-pack of beer from the cooler, and placed it on the check-out counter. The clerk requested identification from Garrison. Garrison provided the clerk with his New Mexico issued driver's license, which had a printed legend stating that Garrison was not twenty-one years old and contained his date of birth. Despite Garrison's age, the clerk sold Garrison the beer. A SID agent then issued Town & Country and the clerk citations for violating Section 60-7B-1(A)(1).

**{6}** Pursuant to Section 60-6C-4(F), in each case, the Department director appointed a hearing officer, who conducted an administrative hearing to address the alleged violations of Section 60-7B-1(A)(1). The hearing officer found, in each case, that Town & Country violated Section 60-7B-1(A)(1) and that the sting operation did not entrap Town & Country. The Department director adopted the findings and imposed a $1000 fine and a one-day suspension of alcohol sales pursuant to Section 60-6C-1(A)(1). Pursuant to NMSA 1978, Section 39-3-1.1 (1999) and Rule 1-074 NMRA, Town & Country appealed to the district court, arguing that the hearing officer erred (1) in finding that SID did not conduct the sting operation in a manner that amounted to entrapment of Town & Country, (2) by improperly shifting the burden of proof to Town & Country to prove that the clerk was not predisposed to sell liquor to a minor, and (3) in determining that the SID agents conducted the sting operation in a manner that violated SID rules, but that the violations were not relevant. The district court consolidated the cases and issued a decision on May 13, 2010, reversing the Department director's order.

**{7}** The district court did not rely on Town & Country's arguments in reversing the Department director. Instead, the district court held that the "respective servers must be found guilty of [violating Section 60-7B-1(A)(1)] in a separate criminal proceeding" under Section 60-7B-1(F) as a "condition precedent" to civil liability for Town & Country as a licensee. The Department timely filed a petition for writ of certiorari under Rule 12-505 NMRA, which this Court granted.

**STANDARD OF REVIEW**

**{8}** Upon a grant of a petition for writ of certiorari under Rule 12-505, this Court "conduct[s] the same review of an administrative order as the district court sitting in its appellate capacity, while at the same time determining whether the district court erred in the

3

first appeal." *Rio Grande Chapter of the Sierra Club v. N.M. Mining Comm'n*, 2003-NMSC-005, ¶ 16, 133 N.M. 97, 61 P.3d 806. In reviewing an administrative decision, "we apply a whole-record standard of review." *See Smyers v. City of Albuquerque*, 2006-NMCA-095, ¶ 5, 140 N.M. 198, 141 P.3d 542 (internal quotation marks and citation omitted). "We independently review the entire record of the administrative hearing to determine whether the . . . decision was arbitrary and capricious, not supported by substantial evidence, or otherwise not in accordance with law." *City of Albuquerque v. AFSCME Council 18 ex rel. Puccini*, 2011-NMCA-021, ¶ 8, 149 N.M. 379, 249 P.3d 510 (internal quotation marks and citation omitted). When the hearing officer's decision is based on an issue of law, such as statutory interpretation, our review is de novo. *ERICA, Inc. v. N.M. Regulation & Licensing Dep't*, 2008-NMCA-065, ¶ 11, 144 N.M. 132, 184 P.3d 444.

## CRIMINAL LIABILITY AS A CONDITION PRECEDENT

{9}     The Department argues that the district court erred by determining that Section 60-7B-1(A)(1) requires criminal liability as a condition precedent to the Department imposing civil liability on a licensee. This argument requires statutory construction. In engaging in statutory construction, our primary purpose is to give effect to the intent of the Legislature. *Bd. of Educ. v. N.M. State Dep't of Pub. Educ.*, 1999-NMCA-156, ¶ 16, 128 N.M. 398, 993 P.2d 112. "The first rule is that the plain language of a statute is the primary indicator of legislative intent. Courts are to give the words used in the statute their ordinary meaning unless the [L]egislature indicates a different intent. The court will not read into a statute . . . language which is not there, particularly if it makes sense as written." *Johnson v. N.M. Oil Conservation Comm'n*, 1999-NMSC-021, ¶ 27, 127 N.M. 120, 978 P.2d 327 (internal quotation marks and citations omitted). "We ascertain the intent of the [L]egislature by reading all the provisions of a statute together, along with other statutes in pari materia." *N.M. Mining Ass'n v. N.M. Water Quality Control Comm'n*, 2007-NMCA-010, ¶ 12, 141 N.M. 41, 150 P.3d 991.

{10}    We begin by examining the relevant portions of the Act. The hearing officer found that Town & Country violated Section 60-7B-1(A) and, based on Section 60-6C-1, fined Town & Country and suspended its liquor license. Section 60-7B-1(A) provides that "[i]t is a violation of the [Act] for a person, including a person licensed pursuant to the provisions of the [Act], or an employee, agent or lessee of that person, if he knows or has reason to know that he is violating the provisions of this section, to . . . sell, serve or give alcoholic beverages to a minor or permit a minor to consume alcoholic beverages on the licensed premises[.]" Section 60-6C-1(A) allows the Department to impose a civil, administrative penalty to licensees for violations of Section 60-7B-1(A). In relevant part, Section 60-6C-1(A), states that:

> [t]he director may suspend or revoke the license or permit or fine the licensee in an amount not more than ten thousand dollars ($10,000), or both, when he finds that any licensee has:

4

(1)     violated any provision of the [Act] or any regulation or order promulgated pursuant to that [A]ct[.]

The Act, Section 60-7B-1(F), further provides that "[i]n addition to the penalties provided in Section 60-6C-1 . . . , a violation of the provisions of [Section 60-7B-1(A)] of this section is a fourth degree felony[.]" The district court concluded that, because a violation of Section 60-7B-1(A) "triggers" both criminal prosecutions under Section 60-7B-1(F) and an administrative penalty under Section 60-6C-1(A), the Department cannot impose the administrative penalty on a licensee without the server first being found guilty under Section 60-7B-1(F) as a condition precedent.

{11}    However, examining the plain language of Section 60-7B-1(A), (F) and Section 60-6C-1(A), neither provision supports a reading that the Legislature intended the criminal liability of a server or any agent of the licensee to be a condition precedent to the imposition of a civil penalty on the licensee. Indeed, there is no language in either provision that conditions the administrative penalty on a criminal conviction of the server or other agent of the licensee. We decline to read such language into the Act. *See Johnson*, 1999-NMSC-021, ¶ 27 (stating that we "will not read into a statute . . . language which is not there, particularly if it makes sense as written" (internal quotation marks and citation omitted)). Further, Section 60-7B-1(F) states that criminal penalties for both the licensee and the server are "[i]n addition to," not a condition precedent to, the administrative penalties against the licensee as provided in Section 60-6C-1(A)(1). If the Legislature intended the criminal penalties authorized in Section 60-7B-1(F) to be a condition precedent to the imposition of administrative penalties, it would have used clearer language. *See Colonias Dev. Council v. Rhino Envtl. Servs., Inc.*, 2003-NMCA-141, ¶ 17, 134 N.M. 637, 81 P.3d 580 (stating that the Legislature would have provided a much "clearer indication" if it had intended a statute to a more expansive meaning), *rev'd on other grounds by Colonias Dev. Council v. Rhino Envtl. Servs. Inc.*, 2005-NMSC-024, 138 N.M. 133, 117 P.3d 939.

{12}    In addition, the portion of the Act governing the procedures for imposing a civil penalty does not require a criminal conviction based on Section 60-7B-1(F) before the administrative penalty can be imposed. Section 60-6C-4 provides the procedures for the initial complaints against a licensee, the subsequent investigation by the Department, and the manner in which the hearing officer must conduct the administrative hearing. Section 60-6C-4(B) and (C) require that the Department file an administrative charge if it has probable cause after an investigation to believe that a licensee violated the Act. Section 60-6C-4(K)(5) and (7) require that the hearing officer or Director determine the guilt or innocence of the licensee "based upon substantial, competent[,] and relevant evidence and testimony appearing in the record of hearing." The Legislature did not condition either the initial administrative charges or the ultimate determination of guilt or innocence on whether a criminal proceeding resulted in a conviction against the licensee or the server. Under the plain meaning of the Act, the district court erred in vacating the Department's decisions to suspend Town & Country's Liquor license and fine Town & Country for violating Section 60-7B-1(A)(1).

**{13}** Although the plain language of the Act is clear that the Legislature did not intend criminal liability to be a condition precedent for the imposition of civil liability under Section 60-7B-1(A), we further note that a contrary conclusion would frustrate the purpose of the Act. In enacting the Act, the Legislature sought to "tighten this state's liquor control laws." *Williams v. Ashbaugh*, 120 N.M. 731, 733, 906 P.2d 263, 265 (Ct. App. 1986). "The purpose of [the Act] is to regulate and place limitations on the sale of alcohol, not to promote it [, and] we employ a liberal interpretation to give effect to [this] legislative purpose and to facilitate temperance" when interpreting the Act. *Santillo v. N.M. Dep't of Pub. Safety*, 2007-NMCA-159, ¶ 19, 143 N.M. 84, 173 P.3d 6 (internal quotation marks and citations omitted). The Legislature authorized the Department to investigate and issue civil penalties against licensees in order to enforce the Act's limitations and regulations. Construing the civil penalty provision to be subordinate to the district attorney's ability to secure a criminal conviction of the server would hamper the ability of the Department to ensure that licensees comply with the Act. For example, in this case, the district attorney dismissed charges filed against the store clerk relating to store number 241 after the clerk completed a pre-prosecution program, and the district attorney disposed of the case relating to store number 248 by a conditional discharge without an adjudication of guilt after the clerk entered a plea. *See* NMSA 1978, § 30-31-28(C) (1972) (providing that a conditional discharge for a controlled substance possession offense "shall be without court adjudication of guilt"). The district attorney's office did not attempt to secure a criminal conviction in either instance, instead electing to dispose of the criminal case by other available pre-trial means.

**{14}** Town & Country argues that our construction of the Act as not requiring a criminal conviction as a condition precedent to the imposition of civil liability contradicts this Court's holding in *ERICA*. The district court relied on *ERICA* for the proposition that this Court has determined that the administrative hearings to revoke or suspend liquor licenses and fine licensees under the Act are akin to criminal review and have taken a "half-step from administrative to criminal" and therefore, reasoned that a finding of guilt against a licensee must "be conditioned upon the criminal conviction of its agents." We disagree with this interpretation of *ERICA*.

**{15}** In relevant part, this Court in *ERICA*, 2008-NMCA-065, ¶ 2, determined that a hearing officer "erred in excluding and striking evidence that was relevant on the issue of entrapment." In *ERICA*, the licensee attempted to present defenses as to both objective entrapment and substantive due process under our Supreme Court's decision in *State v. Vallejos*, 1997-NMSC-040, 123 N.M. 739, 945 P.2d 957. The hearing officer did not allow the licensee to present evidence relating to either form of entrapment based on *Kearns v. Aragon*, 65 N.M. 119, 123-24, 333 P.2d 607, 610 (1958), which held that an entrapment defense is not available in a liquor license suspension or revocation administrative hearing because the proceedings are not criminal in nature. *ERICA*, 2008-NMCA-065, ¶¶ 9, 47. In *ERICA*, this Court declined to apply *Kearns* and remanded the case to the hearing officer to develop a full record on the entrapment issue based on the questionable viability of *Kearns*. *ERICA*, 2008-NMCA-065, ¶ 52. We noted that our Supreme Court decided *Kearns* under a different version of the Act at a time when the Act did not require an intent element to

6

revoke or suspend a license or fine a licensee. *ERICA*, 2008-NMCA-065, ¶ 50. We also questioned the reasoning in *Kearns* that entrapment cannot be a defense because liquor license proceedings are not criminal in nature, noting that "the roots of the entrapment doctrine lie in civil cases." *ERICA*, 2008-NMCA-065, ¶ 49 (internal quotation marks and citation omitted).

**{16}** *ERICA* does not stand for the proposition that liquor license suspension or revocation hearings are criminal or quasi-criminal in nature. *ERICA* recognized the civil nature of these proceedings, yet noted that since 1958 many jurisdictions have criticized the failure to allow entrapment as a defense in civil liquor license proceedings. *Id.* Further, *ERICA* does not state that liquor license proceedings are criminal in nature because intent is now required, only that the current version of Section 60-7B-1(A) has an intent element, which may therefore lend itself to recognizing entrapment as a defense in liquor license revocation proceedings. *ERICA*, 2008-NMCA-065, ¶¶ 50-51. *ERICA* therefore does not contradict or change our interpretation of Section 60-7B-1(A), (F), Section 60-6C-1, or Section 60-6C-4. The district court erred in determining that a criminal conviction of the server pursuant to Section 60-7B-1(F) is required as a condition precedent before the Department imposes civil liability on the licensee pursuant to Section 60-6C-1(A)(1).

**REMAND ON REMAINING APPELLATE ISSUES**

**{17}** Town & Country also argues that we should affirm the district court's decision because (1) the hearing officer erred in determining that the SID did not entrap Town & Country, and (2) the SID failed to abide by its department standards in conducting the sting operation. Town & Country raised these issues in the district court in its statement of appellate issues. However, because the district court determined that criminal liability is a condition precedent to imposing civil liability under Section 60-6C-1 on a licensee, the district court did not reach these issues. Because the district court considered this case as an appellate court under Rule 1-074, we remand to the district court to consider the remainder of Town & Country's appellate issues in the first instance. *See Cerrillos Gravel Prods., Inc. v. Bd. of Cnty. Comm'rs of Santa Fe Cnty.*, 2004-NMCA-096, ¶ 24, 136 N.M. 247, 96 P.3d 1167 (remanding to the district court to consider issues raised, but not reached by the district court acting in an appellate capacity), *aff'd*, 2005-NMSC-023, 138 N.M. 126, 117 P.3d 932.

**CONCLUSION**

**{18}** Because the district court erred in determining that a criminal conviction of the server under Section 60-7B-1(F) is required before the Department can impose civil liability on the licensee pursuant to Section 60-6C-1(A)(1), we reverse the decision of the district court. We remand for the district court to consider the remaining appellate issues presented to, but not reached by, the district court.

**{19}  IT IS SO ORDERED.**

 

                                              **JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

**Topic Index for** _Town & Country Food Stores, Inc. v. NM Regulation & Licensing_**, Docket No. 30,921**

| | |
|---|---|
| **AL** | **ADMINISTRATIVE LAW AND PROCEDURE** |
| AL-AA | Administrative Appeal |
| | |
| **AE** | **APPEAL AND ERROR** |
| AE-RM | Remand |
| AE-SR | Standard of Review |
| | |
| **GV** | **GOVERNMENT** |
| GV-LA | Liquor Control Act |
| | |
| **ST** | **STATUTES** |
| ST-RC | Rules of Construction |